Isaac S. Crum (AZ Bar No. 026510)
**RUSING LOPEZ & LIZARDI, P.L.L.C.**
16427 North Scottsdale Rd., Suite 200
Scottsdale, Arizona 85254
Tel: 480.744.3053
Fax: 520.529.4274
ICrum@rllaz.com

*Attorney for EWC P&T, LLC*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan Boigris,<br><br>　　　　Plaintiff/Counter-Defendant,<br><br>vs.<br><br>EWC P&T, LLC<br><br>　　　　Defendant/Counter-Plaintiff.<br><hr>GoDaddy.com, LLC.<br><br>　　　　Respondent. | **Case No. MC-_____**<br><br>Civil Action No. 19-cv-21148-SCOLA Pending in the United States District Court for the Southern District of Florida<br><br>**EWC P&T, LLC'S MOTION TO COMPEL PRODUCTION AND TO ENFORCE SUBPOENA** |

　　　EWC P&T, LLC ("EWC"), defendant and counterclaimant in the above-captioned case currently pending before the United States District Court for the Southern District of Florida (hereafter the "Florida Litigation"), hereby moves this Court, pursuant to Federal Rules of Civil Procedure 37 and 45, for an Order compelling third-party GoDaddy.com, LLC ("GoDaddy") to immediately produce documents responsive to subpoenas *duces*

*tecum* served twice on GoDaddy—first on October 21, 2019[1] and again on November 4, 2019.

EWC supports this Motion with the following Memorandum of Points and Authorities, the accompanying declaration of EWC's counsel in the Florida Litigation, Jonathan Woodard (the "Woodard Declaration"), the exhibits attached thereto, and its separately filed Certification of Moving Counsel.  A true and correct copy of the subpoena at issue is attached as Exhibits 2 and 5 to the Woodard Declaration and the October 21, 2019 and November 4, 2019 proofs of service are attached as Exhibits 1, 6 and 7 to the Woodard Declaration, respectively.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

In connection with a cybersquatting litigation in Florida, EWC desires to take discovery as to the registrant of a host of domain names that are substantially similar to EWC's federally registered trademark.  (Based on publicly available information, EWC believes that the registrant is Bryan Boigris, plaintiff in the Florida Litigation.)  To accomplish this, EWC has *twice* served subpoenas on GoDaddy.  Yet, despite GoDaddy having had EWC's requests for 29 days, GoDaddy has still not produced the requested documentation.  Indeed, in response to the second subpoena, GoDaddy has not even offered any recognized basis for failing to produce the requested documents.  Given the rapidly approaching December 4, 2019 discovery deadline in the Florida Litigation, EWC has no choice but to bring this motion and ask that this Court compel GoDaddy to immediately produce the requested documents.

---

[1] The initial October 21, 2019 subpoena inadvertently listed the GoDaddy entity as "GoDaddy, Inc." Notwithstanding, GoDaddy confirmed receipt of the October 21st subpoena and was on notice of its obligations to comply with the underlying document requests.  Furthermore, the typographical error in the October 21 subpoena was corrected in the November 4, 2019 subpoena which, other than that correction, is identical.

A copy of this motion is concurrently being served by email on both of the interested parties: Mr. Boigris (through his counsel in the Florida action) and GoDaddy.  GoDaddy is also being served by facsimile, U.S. regular mail, and hand-delivery through a process server, and a notice of service will be filed once hand service is complete.  Given the looming discovery deadline, EWC is also concurrently filing a motion for expedited briefing and asks that the Court order any opposition to this motion be filed no later than Friday November 22, 2019.

For the reasons stated below, EWC respectfully requests that the Court grant the instant Motion.

## II.     FACTUAL BACKGROUND

EWC is the owner of a number of federally registered trademarks including the trademark EUROPEAN WAX CENTER.  (*See e.g.,* U.S. Trademark Reg. No. 3,097,087.)  EWC has asserted claims in the Florida Litigation that Mr. Boigris willfully registered a whole host of domain names in bad faith, and which are confusingly similar to European Wax Center's registered trademark.  These domain names include EUROPAWAXCENTER.COM, EUWAXCENTER.COM, WAXCENTER.COM, WAXCENTERMIAMI.COM, etc. (the "Accused Domain Names").  The registration of these deceptive and confusingly similar domain names has damaged EWC and give rise to liability for cybersquatting under United States law including, *inter alia*, the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

Despite the public information identifying him as the registrant ("WHOIS" registry data), Mr. Boigris continues to deny that he indeed is the registrant of the Accused Domain Names.  As a result, EWC is left with no alternative but to seek discovery from the domain name registrar for these domains: GoDaddy.  Thus, on October 21, 2019 at 3:36 p.m., and in compliance with GoDaddy's "Subpoena Policy/Attorney Tips"

3

(https://www.godaddy.com/legal/agreements/subpoena-policy), counsel for EWC sent an email to courtdisputes@godaddy.com, and attached a subpoena to produce documents (the "October 21 Subpoena"). (Woodard Decl., ¶ 4.)  The October 21 Subpoena was concurrently served via process server. (*Id.*)  The certificate of service for the October 21 Subpoena is attached to Woodard Declaration as Exhibit 1, and the October 21 Subpoena itself is attached to the Woodard Declaration as Exhibit 2.

Accompanying the October 21 Subpoena was a letter addressed to "GoDaddy.com, LLC," all of which was served on GoDaddy at its designated location, 14455 North Hayden Road, Suite 219, Scottsdale, Arizona, 85260.[2] (*Id.,* ¶ 5.)  The October 21 Subpoena required GoDaddy to produce documents by no later than November 4, 2019 at 10:00 a.m. (*Id.*)  The next day, GoDaddy's "Court Disputes Department" emailed EWC's counsel, advising that the October 21 Subpoena would be handled by GoDaddy's "Compliance Department." (*Id.*)  Nine days later, after having heard nothing, EWC's counsel contacted the Compliance Department, to inquire about the status and to determine whether the responsive documents could be sent via email/digitally, or rather, if EWC would need to coordinate the pick-up of physical documents in Scottsdale, Arizona. (*Id.*)  No response to this inquiry was received. (*Id.*)  Finally, on November 3, 2019, one day before the October 21 Subpoena's compliance deadline, EWC's counsel received a response from GoDaddy. (*Id.*)  Putting form over substance, GoDaddy's response keyed-in on an inadvertent typographical error, whereby (unlike the letter which clearly stated "GoDaddy.com, LLC") the subpoena read "Compliance Department – GoDaddy, **Inc.**" (emphasis added.) (*Id.*)  After sitting on its hands for thirteen days, GoDaddy cited this typographical error as the basis for refusing to produce any documents. (*Id.*)

Immediately upon receiving this response, on Monday, November 4, 2019, a new subpoena was issued to GoDaddy (the "November 4 Subpoena"). (*Id.*, ¶ 10.)  The requests

---

[2] As required under the Federal Rules, counsel for EWC concurrently notified opposing counsel that the October 21 Subpoena had been issued. (*Id.*)

4

for production in the November 4 Subpoena are identical to those in the October 21 Subpoena. (*Id.*) The November 4 Subpoena was served on November 4, 2019 via process server, via email, and via facsimile.³ (*Id.* at ¶ 11.) The certificate of service from the process server for the November 4 Subpoena is attached to Woodard Declaration as Exhibit 7, and the November 4 Subpoena itself is attached to the Woodard Declaration as Exhibit 5. Although GoDaddy already had 14 days to gather responsive documents, the November 4 Subpoena provided GoDaddy with additional time, and set a compliance date for November 12, 2019 at 10:00 a.m. (*Id.*) As of November 12, 2019, GoDaddy had EWC's requests for a total of 22 days.

On November 8, 2019, counsel for EWC again contacted GoDaddy's Compliance Department, requesting an update as to when EWC could expect to receive the responsive documents and received a form response stating: "Thank you for your email. We are still processing your request." (*Id.* at ¶ 13.) On November 11, 2019, counsel for EWC again emailed GoDaddy's Compliance Department, requesting that GoDaddy comply with the subpoena by close of business on November 12, 2019 (*i.e.* the compliance date for the November 4 Subpoena). (*Id.* at ¶ 14.) On November 12, 2019, GoDaddy's Compliance Department finally responded to EWC's counsel by advising counsel that it would not be responding by the deadline in the November 4 Subpoena. (*Id.* at ¶ 15.) Additionally, and for the first time, GoDaddy then claimed that it would not respond in a timely manner "because this is a civil matter, [and GoDaddy] must notify [its] customer prior to releasing his/her account information to [EWC]."

Since GoDaddy affirmatively stated that it would not be responding as commanded to in the November 4 Subpoena, Counsel for EWC sought a "meet-and-confer" with GoDaddy in an attempt to secure its compliance without Court intervention.⁴ (*Id.* at ¶ 16.)

---

³ As before, and as required under the Federal Rules, counsel for EWC concurrently notified opposing counsel that the November 4 Subpoena had been issued. (*Id.*)

⁴ Indeed, as of this filing, counsel for EWC is still attempting (apparently in vain) to resolve

5

In EWC's November 12th meet-and-confer email, EWC also alluded to the baseless nature of GoDaddy's purported excuse for failing to timely comply with the subpoena. *First*, GoDaddy had been in receipt of EWC's subpoenas since at least October 21, 2019; therefore, and at the time of GoDaddy's generic and seemingly automated November 12th email—claiming that it "must notify its customer prior to releasing his/her account information"—GoDaddy already had **twenty-two (22) days** to "notify its customer." *Second*, EWC advised that it had previously notified GoDaddy's customer (*i.e.* Bryan Boigris) of the subject subpoenas, and even attached to its email the official "Notice of Issuance of Subpoena" that was served on Mr. Boigris' counsel back on November 5, 2019.

After receiving no response from GoDaddy, and making every effort to avoid the need to seek Court intervention, counsel for EWC once again contacted GoDaddy on November 14, 2019. (*Id.* at ¶ 17.) As of the filing of this motion, EWC has *still* not heard back from GoDaddy. (*Id.* at ¶ 18.)

The Florida Litigation has a scheduling order which states that fact discovery closes on December 4, 2019. As a result, securing GoDaddy's full and complete compliance is time sensitive and EWC has no choice but to bring the instant motion asking that this Court compel GoDaddy to produce the documents requested in EWC's subpoena *duces tecum* and also provide EWC with a signed custodian of records declaration.

## III. ARGUMENT

EWC has properly served GoDaddy, non-party to the Florida Litigation, with a valid subpoena pursuant to Fed. R. Civ. P. 45 ("Rule 45"). GoDaddy has failed to comply with that subpoena, and EWC now brings this action to compel production of the requested documents. This is the proper procedure for obtaining discovery from non-parties. *See* Fed. R. Civ. P. 37(a)(1) and (a)(2); *Sol v. Whiting*, No. CV-10-01061-PHX-SRB, 2014 WL

---

this matter without Court intervention.

12526314, at *1 (D. Ariz. July 22, 2014).  The Federal Rules of Civil Procedure provide for discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). This standard applies to both parties and non-parties, such as respondent, GoDaddy.

Here, the requested documents are unquestionably within what is permitted under Rule 45.  Specifically, EWC has asserted claims in the Florida Litigation pertaining to Mr. Boigris' registration of the Accused Domains, as shown below:



Although all of the evidence points to his registration of the Accused Domain Names, Mr. Boigris has continued to refuse admitting to the fact that he registered the Accused Domain Names at issue in the Florida Litigation.

Accordingly, and in order to obtain additional evidence demonstrating Mr. Boigris' unlawful registration of the Accused Domain Names, the production of business records from the domain name registrar, GoDaddy, is required.  Thus, this request falls squarely

within the scope of what is permitted under Rules 26 and 45. This request is not onerous on GoDaddy, and the request is focused solely on the Accused Domain Names which EWC believes to be at issue in the Florida Litigation. It should be noted, that GoDaddy has also not raised any formal objection to the requests which were propounded on GoDaddy as permitted in Fed. R. Civ. P. 45(d)(2)(B).[5] Given that no objection has been raised to the requests, no motion to quash or for a protective order filed, and the demonstrated need for these records by EWC's counsel, EWC respectfully requests that the Court grant the instant motion and compel GoDaddy to immediately produce the requested documentation, before December 2, 2019, along with a custodian certification attesting to the authenticity of these business records.

## IV.     CONCLUSION

The documents requested from GoDaddy are necessary in furtherance of EWC's claims in the Florida Litigation. ***GoDaddy has had EWC's requests for 29 days***, but has failed to substantively object to any of the requests. All of the stakeholders—EWC, Mr. Boigris, and GoDaddy, are aware of these subpoenas and this motion. Discovery closes in the Florida Litigation on December 4, 2019. All of these facts weigh strongly in favor of this Court granting the instant motion and ordering GoDaddy to immediately produce the responsive documents before discovery closes in the Florida Litigation. Lastly, and as noted in the Woodard Declaration, to the extent that there are any purported "confidentiality" issues pertaining to the documents requested by EWC, the undersigned counsel certifies that EWC and Mr. Boigris (through counsel) met and conferred, and

---

[5] GoDaddy's sole response was that it needed to inform its customer so that its customer could move to quash the instant subpoena if its customer so wished. While that may, indeed, be GoDaddy's practice, that is not a recognized "objection" to a subpoena or a valid basis to withhold discovery. In any event, at this point GoDaddy has had 29 days to provide this additional notification to its customer—Mr. Boigris—who also received a copy of this subpoena through his litigation counsel 29 days ago. No motion to quash or for a protective order has been filed.

8

stipulated to agreed-upon language of a Protective Order governing any "confidential" information to be used in the Florida Litigation.

EWC therefore respectfully requests that GoDaddy be ordered to produce all responsive documents on or before December 2, 2019 (through electronic transmission to counsel for EWC), and to simultaneously provide EWC with a signed custodian certification attesting to the authenticity of those business records produced.

Respectfully submitted this 20th day of November, 2019.

**RUSING LOPEZ & LIZARDI, P.L.L.C.**

/s/    *Isaac S. Crum*
Isaac S. Crum

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served this 20th day of November, 2019, as indicated below:

**GoDaddy:**
*Via email to:*
compliancemgr@godaddy.com
legal@godaddy.com
hq@godaddy.com

*Via Fascimile to:*
*GoDaddy.com LLC*
*Attention: Compliance Department*
*480.624.2546*

*Hand-Delivered via Process Server:*
GoDaddy.com, LLC
Attn: Compliance Department
14455 North Hayden Road, Suite 219
Scottsdale, AZ 85260

*Via Regular U.S. Mail*
GoDaddy.com, LLC
Attn: Compliance Department
14455 North Hayden Road, Suite 219
Scottsdale, AZ 85260

**Boigris:**
*Via email to:*
dempsey@hddlawfirm.com (Patrick Dempsey, Esq.)
hirzel@hddlawfirm.com    (Leon Hirzel, Esq.)

*Via U.S. Postal Service:*
Hirzel Dreyfuss & Dempsey, PLLC
     Attention:  Patrick Dempsey, Esq.
2333 Brickell Avenue, Suite A-1
Miami, Florida 33129

/s/      *Isaac S. Crum*

10